**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5723-14T2

MICHAEL MUSKA,

    Petitioner-Appellant,

v.

BOARD OF TRUSTEES, PUBLIC
EMPLOYEES' RETIREMENT SYSTEM,

    Respondent-Respondent.

_____

Argued April 26, 2017 — Decided July 11, 2017

Before Judges Alvarez and Accurso.

On appeal from the Board of Trustees of the
Public Employees' Retirement System, Docket
No. 725505.

Meredith C. Sherman argued the cause for
appellant (Pepper Hamilton LLP, attorneys;
Angelo A. Stio, III and Thomas I. Plotkin, of
counsel and on the brief).

Robert E. Kelly, Deputy Attorney General,
argued the cause for respondent (Christopher
S. Porrino, Attorney General, attorney;
Melissa H. Raksa, Assistant Attorney General,
of counsel; Mr. Kelly, on the brief).

PER CURIAM

Michael Muska appeals from the July 20, 2015 final determination of the Board of Trustees, Public Employees' Retirement System (Board), denying his application for accidental disability retirement pursuant to N.J.S.A. 43:15A-43. We now affirm, essentially for the same reasons stated by the Board, with only the following brief comments.

Muska, who was born in 1956, worked as a laborer for the Middlesex County Road Department from 1986 to 2009. On April 3, 2008, while carrying some tools, he fell at an awkward angle into a deep hole, sustaining injuries to his back. He was treated at a nearby medical office and sent for magnetic resonance imaging (MRI). After months of physical therapy and cortisone injections, he ceased treatment for the injuries in February 2009. That month, he applied for accidental disability retirement, which was denied. The Board advised that because of his years of service, he was nonetheless eligible for deferred retirement.

Muska appealed, and the matter was transmitted to the Office of Administrative Law (OAL) for a hearing as a contested case under the Administrative Procedure Act (APA), N.J.S.A. 52:14B-1 to -15, and the Uniform Administrative Procedure Rules, N.J.A.C. 1:1-1.1 to -21.6.

During the hearing, Muska denied having had any medical issues with his back prior to the incident. He also acknowledged that

he received no additional treatment after February 2009. He said that he merely "liv[ed] with the pain[.]" The Administrative Law Judge (ALJ) also heard from two expert witnesses, Muska's treating physician via de bene esse deposition, and Arnold T. Berman, M.D., the State's expert. During his testimony, it became clear that Muska's treating physician was unaware of a 2002 MRI taken of Muska's back. He also had not read the incident report nor the independent medical evaluation procured by the Board. Thus the ALJ rejected the physician's conclusion that the injury was the cause of Muska's pain.

Rather, the ALJ relied upon the report by the Board's expert, Dr. Berman, issued after a review of the 2002 MRI, the 2008 MRI, and the complete medical history. Dr. Berman found that although the 2008 MRI depicted significant degeneration in the spine, including mild bulging of the discs, and disc desiccations, the same condition was depicted in the 2002 MRI. As a result of comparing the MRIs and administering a number of tests he characterized as objective, Dr. Berman opined that there was no significant difference in Muska's back between 2002 and 2008. In fact, the 2002 MRI showed significant age-related degeneration and desiccation that was apparently untreated, and the 2008 MRI showed no changes. He further testified that the most important findings on the MRIs "were high up in the lumbar area, and the degenerative

herniation found there did not correspond with the symptoms reported by [Muska.]" As a result, Dr. Berman opined to a reasonable degree of medical certainty that the symptoms Muska reported were not caused by the fall, but rather were a continuation of a chronic back condition that was idiosyncratic and related to age. Dr. Berman noted that in 2002 an MRI would not have been conducted unless Muska had experienced pain with his back that was unresolved after six weeks of treatment.

The Board relied on the ALJ's extensive, detailed findings of fact, with two exceptions. It rejected her statement that Muska's complaints of pain, as a result of the injury, were credible. That statement was not corroborated, and was in fact contradicted, by the ALJ's other findings. The Board similarly noted that the ALJ mistakenly stated that both experts found Muska to be disabled. To the contrary, Dr. Berman was "unambiguous" in his conclusion that Muska was not disabled. Other than those two factual disagreements, the Board adopted the ALJ's ninety-nine specific findings of fact, and her initial decision as modified, including the recommendation that the application for accidental disability retirement be denied. The Board again denied Muska's request, and this appeal followed.

Muska raises the following points for our consideration:

I.     Standard of Appellate Review.

II.    The PERS Board Erred in Denying Mr.
Muska's Application for Disability Retirement
Because Mr. Muska's April 3, 2008 Injury
Directly Resulted in Permanent and Total
Disability, Preventing Mr. Muska From Working
as a Laborer.

    A.    Legal Standard for Accidental Disability
        Pension.

    B.    The Board Conferred Undue Weight to the
        Testimony of Dr. Berman, and its Factual
        Findings are thus Unreasonable and not
        Supported by Substantial Evidence.

        1.    Dr. Berman's findings are the
        outlier in Mr. Muska's medical
        evaluations and treatments.

        2.    Dr. Berman's conclusions should not
        have been given more weight than Dr.
        Patti's.

        3.    Mr. Muska's 2002 MRI is not
        Dispositive.

    C.    Mr. Muska is entitled to disability
        retirement as a matter of law.

Our role in reviewing administrative agency decisions is limited. In re Stallworth, 208 N.J. 182, 194 (2011). We affirm such decisions where they are supported by the evidence, even if we may question the wisdom of the decision or would have reached a different result. Ibid. A "strong presumption of reasonableness attaches to [an agency decision]." In re Carroll, 339 N.J. Super.

429, 437 (App. Div.) (internal quotation marks and citations omitted), certif. denied, 170 N.J. 85 (2001).

An agency's factual findings are binding upon us when supported by adequate, substantial, and credible evidence. We reverse an agency's decision only if we find it to be "arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole." Stallworth, supra, 208 N.J. at 194 (internal quotation marks and citations omitted). The burden of establishing that agency action is arbitrary, capricious, or unreasonable is on the appellant. Bueno v. Bd. of Trs., 422 N.J. Super. 227, 234 (App. Div. 2011).

In determining whether agency action is arbitrary, capricious, or unreasonable, we ask if it violates express or implied legislative policies and if the record contains substantial evidence to support the findings on which the agency based its action. We also ask whether the agency erred in applying legislative policies to the facts. Stallworth, supra, 208 N.J. at 194.

Applying those standards to this dispute, we find no basis to reverse the Board's decision. The record is clear that the Board's expert had more information available to him than did Muska's treating physician, who had not seen him for a number of years. The fact the MRIs taken in 2002 and 2008 showed no

significant difference, other than age-related degeneration that was not associated with Muska's complaints of pain, certainly bolster the ALJ's decision, and ultimately, the Board's, to credit the testimony of one expert over another. State v. Cryan, 363 N.J. Super. 442, 457 (App. Div. 2003) ("A judge sitting as the trier of fact is free to reject any testimony, in whole or in part, that he or she does not find credible, including the testimony of an expert.").

Furthermore, that Muska denied having had prior back difficulties, when he obtained an MRI in 2002, raised a significant question as to his credibility. That question is highlighted by the fact he has not received treatment since 2009. Thus there is no basis for reversing the Board's opinion; it is not arbitrary, capricious, or unreasonable. It is supported by sufficient credible evidence on the record as a whole and accords with well-established law. Therefore, we affirm. See R. 2:11-3(e)(1)(D).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7